# In the United States Court of Federal Claims

DEE MONBO,

          Plaintiff,

        v.

THE UNITED STATES,

          Defendant,

No. 24-cv-1683

Filed: May 21, 2025

## MEMORANDUM & ORDER

This Court has "an independent obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). That obligation involves ensuring that parties before the Court have Article III standing, "a threshold jurisdictional issue." *Associated Energy Grp., LLC v. United States*, 131 F.4th 1312, 1317 (Fed. Cir. 2025). As noted below, Plaintiff is debarred from Government contracting and does not challenge her debarment here. As Plaintiff cannot receive any Government contract, this Court cannot redress Plaintiff's alleged injuries stemming from any purported procurement errors. Accordingly, Plaintiff lacks Article III standing, and the Court must dismiss her Complaint.

## FACTUAL HISTORY

In 2023, the Navy debarred Plaintiff from contracting with the Federal Government.[1] *Monbo v. United States* (*Monbo II*), No. 24-cv-1683, 2025 WL 869037, at *7 & n. 7 (Fed. Cl. Mar. 19, 2025); ECF Nos. 15, 15-1, 19, 21, 25. Plaintiff's debarments remain active through October

---

[1] *Exclusion: Monbo Dee*, Sam.gov, sam.gov/exclusions-new?pirKey=523071&pirValue=1701 270467702707 (last visited May 21, 2025) (noting that the exclusion status for Dee Monbo, classified as a firm, is active); *Exclusion: Dee Monbo*, Sam.gov, sam.gov/exclusions-new?pirKey=522051&pirValue=1701270412896524 (last visited May 21, 2025) (noting that the exclusion status for Dee Monbo, classified as an individual, is active).

19, 2026.  *See supra* Note 1.  Along with Plaintiff, the Navy also debarred Monbo Group International, Ltd. (MGI) in 2023.  ECF No. 15-1 at 22 n.5; ECF No. 19 at 2; ECF No. 25 at 3;[2] *Monbo v. United States* (*Monbo I*), 175 Fed. Cl. 440, 448 (2025); *see also Exclusion: Monbo Group International, Ltd.*, Sam.gov, sam.gov/exclusions-new?pirKey=522012&pirValue=17012 62016960930 (last visited May 21, 2025).  Plaintiff acknowledges her and MGI's debarment in numerous filings in this case.  *See, e.g.*, ECF Nos. 15, 15-1, 19, 21, 25.

On October 17, 2024, Plaintiff Dee Monbo, appearing *pro se*, initiated this bid protest. Complaint (ECF No. 1) (Compl.).  Plaintiff, an individual federal contractor, protests the General Services Administration's (Agency's) actions related to two solicitations in the OASIS+ procurement (the Solicitations): (i) No. 47QRCA23R0002, a set-aside for Section 8(a) businesses, and (ii) No. 47QRCA23R0005, a set-aside for women-owned small businesses (WOSB).  *Id.* ¶¶ 1– 5, 15, 17–21; Compl., Ex. 4 (ECF No. 1-2) at 17 (Bid Confirmation).

Plaintiff alleges that she jointly submitted bids for the Solicitations with her purported "collaborative partner, MGI."  Compl. ¶¶ 1, 6–7, 11, 15; *see* Compl., Ex. 3 (ECF No. 1-2) at 14– 15; *but see* Bid Confirmation at 17 (email confirming that bids *by MGI* were received by the contracting officer).  Plaintiff contends that she and MGI—which she states "are two separate federal contractors"—"agree[d] to pool their resources" to pursue the Solicitations.  Compl. ¶¶ 10– 12.  Despite alleging that she jointly submitted her bid with MGI, Plaintiff's Complaint is clear that she brings claims only on her own, personal behalf and not on MGI's behalf.[3]  *Id.* ¶¶ 1, 9–16.

---

[2] Citations throughout this Memorandum & Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

[3] The Court notes that, in any event, Plaintiff could not bring claims on behalf of MGI in a *pro se* capacity.  Pursuant to Rule 83.1(a)(3), "a corporation appearing before the United States Court of Federal Claims . . . must be represented by an attorney."  *Monbo II*, 2025 WL 869037, at *8 (quoting *Monbo I*, 175 Fed. Cl. at 453) (cleaned up); Rule 83.1(a)(3).  Thus, Plaintiff, who is

The Agency did not select Plaintiff and MGI's joint proposal for award under either Solicitation. *Id.* ¶¶ 19–21. Instead, on September 19, 2024, the Agency informed Plaintiff that it had awarded 309 contracts to other offerors under the WOSB contract. *Id.* ¶ 20. On September 24, 2024, the Agency informed Plaintiff that no awards were made under the Section 8(a) set aside. *Id.* ¶ 21.

Plaintiff's Complaint includes three counts. *First*, that the Agency's decision not to consider the joint proposal for a contract under the WOSB set-aside lacked a rational basis because the joint proposal was purportedly "one of the superior proposals submitted" and "offered a [h]ighly [c]ompetitive [p]rice." *Id.* ¶¶ 24–28 (emphasis omitted). *Second*, that the Agency's decision not to consider Plaintiff's joint proposal for award under the WOSB set-aside contract was arbitrary and capricious because the proposal allegedly complied with the Solicitation. *Id.* ¶¶ 29–32. *Third*, that the Agency lacked a rational basis to direct "Plaintiff to arbitrarily extend her joint offer[s] . . . without conditions." *Id.* ¶¶ 33–35.

## PROCEDURAL HISTORY

Defendant timely moved to dismiss Plaintiff's Complaint under Rules 12(b)(1), 12(b)(6), and 41(b) of the Rules of the United States Court of Federal Claims (Rule(s)). *See generally* Motion to Dismiss (ECF No. 14) (Mot.). Defendant advances five independent grounds for dismissal: (i) Plaintiff's claim is futile as she is debarred from contracting and, accordingly, Plaintiff lacks Article III and statutory standing, *id.* at 13–14; (ii) Rule 83.1 prohibits Plaintiff, a non-lawyer, from representing MGI *pro se*, *id.* at 14–15; (iii) Plaintiff additionally lacks Article III standing because she suffered no injury in fact, *id.* at 15–17; (iv) Plaintiff is not an interested

---

appearing *pro se* and is not an attorney, cannot represent MGI. *See Aljindi v. United States*, No. 24-1997, 2025 WL 440123, at *5 (Fed. Cir. Feb. 10, 2025); *Monbo v. United States*, No. 24-890, 2024 WL 5165707, at *5–7 (Fed. Cl. Dec. 19, 2024).

party under 28 U.S.C. § 1491(b)(1), *id.* at 17–20; and (v) Plaintiff's challenge is not ripe because the Agency has not awarded final contracts in these Solicitations, *id.* at 20–22.

Before Defendant filed its Motion to Dismiss on December 17, 2024, this Court granted Plaintiff's request for 60 days to respond to Defendant's Motion to Dismiss, until February 18, 2025. ECF No. 11 (requesting 60-days to respond to Defendant's Motion); ECF No. 12 (granting request). To date, Plaintiff has not responded to Defendant's Motion to Dismiss despite being an otherwise active litigant. Instead of responding to Defendant's dispositive Motion to Dismiss, which raises threshold jurisdictional issues, Plaintiff filed several motions seeking to delay her response. *See* ECF No. 15 (Motion to Stay); ECF No. 16 (Motion to Suspend Deadlines); ECF No. 20 (rejecting second Motion to Stay as deficient); ECF No. 21 (Third Motion to Stay); ECF No. 22 (Motion to Amend). This Court denied each of these attempts to delay this litigation and noted Plaintiff's "emerging pattern of delay." ECF No. 23; *see* ECF No. 17 (denying Motion to Suspend); ECF No. 20 (rejecting deficient Second Motion to Stay); *Monbo II*, 2025 WL 869037, at *4–5 (denying Plaintiff's First and Third Motions to Stay and Motion to Amend).

After denying Plaintiff's Motion to Amend and Motions to Stay, the Court "stresse[d] to Plaintiff that she must respond to Defendant's Motion to Dismiss." *Monbo II*, 2025 WL 869037, at *9. Indeed, the Court "advised [Plaintiff] that failure to timely respond to the Motion to Dismiss will not only constitute a waiver of Plaintiff's opportunity to rebut Defendant's contentions that this Court lacks jurisdiction, but may also result in dismissal of Plaintiff's case under Rule 41(b)." *Id.* (citing *Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1184 (Fed. Cir. 1990)). Despite this specific warning, Plaintiff nevertheless failed to respond. Accordingly, Defendant's Motion to Dismiss is ripe for adjudication.

## <u>APPLICABLE LEGAL STANDARDS</u>

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson*, 562 U.S. at 434; *see also Consolidation Coal Co. v. United States*, 351 F.3d 1374, 1378 (Fed. Cir. 2003) ("[A]ny court at any stage in the proceedings may address jurisdictional issues . . . , even if the issue is not properly raised."). A "lack of jurisdiction over the subject matter cannot be waived or overcome by the agreement of the parties." *Rolls-Royce Ltd., Derby, Eng. v. United States*, 364 F.2d 415, 420 (Ct. Cl. 1966) (citing *Mitchell v. Maurer*, 293 U.S. 237 (1934)). Consistent with this obligation, this Court must dismiss claims outside of its jurisdiction. Rules 12(b)(1), 12(h)(3); *see Kissi v. United States*, 493 F. App'x 57, 58 (Fed. Cir. 2012) (citing Rule 12(h)(3) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim.").

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014). Where "a motion to dismiss 'challenges the truth of the jurisdictional facts,' the Court of Federal Claims 'may consider relevant evidence in order to resolve the factual dispute.'" *Freeman v. United States*, 875 F.3d 623, 627 (Fed. Cir. 2017) (quoting *Banks*, 741 F.3d at 1277); *see also Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Land v. Dollar*, 330 U.S. 731, 735 (1947)) (same).

To withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, this Court must "accept as true the complaint's well-pled factual

allegations" but need not "accept the asserted legal conclusions." *Am. Bankers Ass'n v. United States*, 932 F.3d 1375, 1380 (Fed. Cir. 2019). Dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6) "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The Court "must consider the complaint in its entirety" as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

This Court liberally construes filings by a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although this Court permits ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Indeed, *pro se* plaintiffs must still prove by a preponderance of the evidence that this Court has subject matter jurisdiction. *See Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Bowles v. United States*, No. 24-2354, 2025 WL 1375660, at *1 (Fed. Cir. May 13, 2025) ("[A] pro se litigant still bears the burden of proving that the court possesses subject matter jurisdiction over the complaint.").

## <u>DISCUSSION</u>

After review of the pleadings in this action, it is evident that this Court must dismiss Plaintiff's Complaint. As explained further below, Plaintiff lacks Article III standing and accordingly this Court must grant Defendant's Motion to Dismiss under Rules 12(b)(1) and 12(h)(3). Further, for similar reasons, as Plaintiff lacks statutory standing to pursue her claims, the Court alternatively grants Defendant's Motion to Dismiss under Rule 12(b)(6). Finally, even if Plaintiff somehow had standing—Article III or statutory—in this action (which she does not), the Court also alternatively dismisses Plaintiff's Complaint for failure to prosecute under Rule 41(b).

## I.    Plaintiff Lacks Standing To Pursue Her Claims.

For the reasons stated below, Plaintiff lacks Article III standing to pursue her claims and, accordingly, this Court must dismiss her Complaint under Rules 12(h)(3) and 12(b)(1) for lack of jurisdiction.  Though Plaintiff's lack of Article III standing is dispositive, the Court also dismisses her Complaint in the alternative under Rule 12(b)(6) because Plaintiff lacks statutory standing under 28 U.S.C. § 1491(b)(1).

### A.    Plaintiff Lacks Article III Standing.

Plaintiff lacks Article III standing because her alleged injury is not redressable by this Court given her debarment from government contracting.  Article III standing is a threshold jurisdictional question in the United States Court of Federal Claims.  *Associated Energy Grp.*, 131 F.4th at 1317; *Starr Int'l Co., Inc. v. United States*, 856 F.3d 953, 964 (Fed. Cir. 2017).  "The party invoking federal jurisdiction bears the burden of establishing the elements of standing." *CliniComp Int'l, Inc. v. United States*, 904 F.3d 1353, 1358 (Fed. Cir. 2018).  To establish Article III standing, "a plaintiff must show an injury in fact caused by the defendant and redressable by a court order."  *United States v. Texas*, 599 U.S. 670, 676 (2023) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ("If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019))).  An alleged injury is redressable only if it is "'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"  *Lujan*, 504 U.S. at 561 (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)); *see also Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021) ("Because redressability is an 'irreducible' component of standing, no federal court has

jurisdiction to enter a judgment unless it provides a remedy that can redress the plaintiff's injury." (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016))).

Once debarred, a contractor is excluded from contracting with all Government agencies. John S. McCain National Defense Authorization Act for Fiscal Year 2019 (2019 Defense Authorization Act), Pub. L. No. 115-232, 132 Stat. 1636, 1873 (noting that debarments "have [G]overnment-wide effects" and that "[n]o agency shall allow a party to participate in any procurement . . . if any agency has debarred, suspended, or otherwise excluded . . . that party");[4] *see also IMCO, Inc. v. United States*, 97 F.3d 1422, 1425 (Fed. Cir. 1996) (noting that once a contractor is proposed for debarment, the contractor is ineligible for award); *Caiola v. Carroll*, 851 F.2d 395, 397 (D.C. Cir. 1988) ("Debarment is an administrative action which excludes nonresponsible contractors from [G]overnment contracting."). Indeed, under FAR Subpart 9.4, once an agency formally debars a contractor, that contractor is "excluded from receiving contracts" and no agencies may "solicit offers from, award contracts to, or consent to subcontracts with these contractors, unless the agency head determines that there is a compelling reason for such action." FAR 9.405(a); *see also IMCO*, 97 F.3d at 1425 ("Under 48 C.F.R. § 9.405(a) and (d)(4), however, once [the contractor] was proposed for debarment, [the Government] was not permitted to award it the contract."). Debarred contractors "are also excluded from conducting business with the Government as agents or representatives of other contractors." FAR 9.405(a). Thus, contractors with "an active exclusion record in [the System for Award Management (SAM)] . . . are excluded from receiving contracts." FAR 9.405(b); *see also* FAR 9.404 (explaining that all exclusion records are maintained on SAM).

---

[4] This language appears as a note to 31 U.S.C. § 6101. The Federal Circuit has directed that Statutory Notes are given effect where, as here, they appear in the Statutes at Large. *Cameron v. McDonough*, 1 F.4th 992, 995 (Fed. Cir. 2021).

While Plaintiff asserts that the Agency's purported mis-consideration of her joint submissions were arbitrary and capricious and that she is entitled to an injunction against the Agency prohibiting it from going forward with any awards made under the Solicitations, the simple, undisputed fact remains that Plaintiff is debarred; she is thus ineligible to receive *any* federal contract.  Compl. ¶¶ 24–43, pp. 11–12 (request for relief); ECF Nos. 15, 15-1, 19, 21, 25; *supra* note 1 (noting exclusion status of Plaintiff on SAM); *Monbo II*, 2025 WL 869037, at *7 & n.7 (discussing Plaintiff's debarment); 2019 Defense Authorization Act, 132 Stat. at 1873 ("No agency shall allow a party to participate in any procurement . . . if any agency has debarred, suspended, or otherwise excluded . . . that party."); FAR 9.405(a) ("Contractors debarred . . . are excluded from receiving contracts, and agencies shall not solicit offers from, award contracts to, or consent to subcontracts with [debarred] contractors.").  Accordingly, even if the Court were to grant Plaintiff's requested relief and enjoin the Solicitations, Plaintiff's joint submission nevertheless could not be selected for award as a matter of law in light of her debarment.[5]  FAR 9.405(a), (b); *see also Caiola*, 851 F.2d at 398 (quoting FAR 9.402(a)); *IMCO, Inc.*, 97 F.3d at 1425.  Thus, because Plaintiff cannot be awarded any contract, it is not even "speculative"—and

---

[5] Plaintiff does not directly challenge her debarment in this action.  Nor could she, as Section 1500 "divests the court of jurisdiction when a related action is pending in another court."  *Brandt v. United States*, 710 F.3d 1369, 1373–75 (Fed. Cir. 2013) (discussing 28 U.S.C. § 1500); 28 U.S.C. § 1500 ("The United States Court of Federal Claims shall not have jurisdiction of any claim . . . which the plaintiff . . . has pending in any other court . . . .").  When Plaintiff filed this action, she had a pending case in the United States District Court for the District of Columbia (district court) challenging her personal debarment.  *Monbo v. U.S. Dep't of Navy*, No. 24-cv-2547 (D.D.C. Aug. 30, 2024) (APA Challenge).  Therefore, this Court would have lacked jurisdiction if Plaintiff had attempted to directly challenge her debarment by the Navy.  28 U.S.C. § 1500; *Brandt*, 710 F.3d at 1373–75.  The Court further notes that even if Plaintiff were to succeed in her APA Challenge and achieve a reversal of her personal debarment, MGI—with whom Plaintiff claims she submitted the joint proposals at issue here—would remain debarred.  *See Monbo II*, 2025 WL 869037, at *8; Compl. ¶¶ 1, 6, 16.  Thus, the Agency would still be unable to make an award to MGI and Plaintiff associated with their joint proposals.  *Monbo II*, 2025 WL 869037, at *8; FAR 9.405(a).

certainly not "likely"—that Plaintiff's alleged injury will be redressed by a favorable decision.[6] *See Lujan*, 504 U.S. at 561; FAR 9.405. Quite contrary, it is impossible for this Court to redress Plaintiff's alleged injury, consistent with the law.

Said differently, Plaintiff remains ineligible for award regardless of whether this Court grants her the relief she seeks in her Complaint. *Associated Energy Grp.*, 131 F.4th at 1319 (holding that protestor lacked Article III standing where it would not be eligible for award even if the Court granted protestor's relief sought). Thus, "the outcome of this suit would not affect" Plaintiff's inability to be awarded a contract. *Thole v. U.S. Bank N.A.*, 590 U.S. 538, 541–42 (2020) (holding that plaintiffs lacked standing because, whether plaintiffs won or lost the case, "they would receive the exact same [] benefits"); Compl. ¶¶ 24–43, pp. 11–12 (request for relief). Accordingly, as this Court's entry of final judgment "would not affect" Plaintiff's alleged injury here, Plaintiff lacks Article III standing and accordingly the Court must dismiss Plaintiff's claims under Rules 12(b)(1) and 12(h)(3). *See Thole*, 590 U.S. at 541–42; *Associated Energy Grp.*, 131 F.4th at 1319.

**B.    Alternatively, Plaintiff Lacks Statutory Standing.**

Even if Plaintiff could demonstrate Article III standing, her Complaint must still be dismissed pursuant to Rule 12(b)(6) because she cannot establish statutory standing under the more stringent standard of 28 U.S.C. § 1491(b)(1). *Associated Energy Grp.*, 131 F.4th at 1319. Unlike Article III standing, statutory standing under 28 U.S.C. § 1491(b)(1) is not jurisdictional. *CACI, Inc.-Fed. v. United States*, 67 F.4th 1145, 1151–55 (Fed. Cir. 2023). To establish statutory

---

[6] FAR 9.405(a) includes one narrow exception to the rule that debarred individuals may not be awarded contracts—when "the agency head determines that there is a compelling reason" to contract with the debarred individual and states the compelling reason in writing. FAR 9.405(a); FAR 9.405-2(a); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344, 350 (2006) (finding injury not redressable where relief sought would not remedy injury absent third-party action); *Lujan*, 504 U.S. at 561. Plaintiff has not alleged any facts that would trigger this narrow exception.

standing under 28 U.S.C. § 1491(b)(1), a plaintiff must demonstrate that they (i) are an "interested party," and (ii) were prejudiced by a significant error in the procurement process. *Associated Energy Grp.*, 131 F.4th at 1319; *CliniComp*, 904 F.3d at 1358. An interested party is "'an actual or prospective bidder' [who] has a 'direct economic interest' in the procurement or proposed procurement." *CliniComp*, 904 F.3d at 1358 (quoting *Diaz v. United* States, 853 F.3d 1355, 1358 (Fed. Cir. 2017)). "[T]o prove a direct economic interest, a party must show that it had a substantial chance of winning the contract." *Id.* (quoting *Diaz*, 853 F.3d at 1358). Put another way, "[t]o establish statutory standing, and demonstrate it is an 'interested party' and sustained prejudice, [a plaintiff] must show at least a substantial chance it would have been a prevailing bidder under the Solicitation had it not been for the errors it contends plagued the procurement process." *REV, LLC v. United States*, 91 F.4th 1156, 1163 (Fed. Cir. 2024).

For the same reasons that Plaintiff lacks Article III standing—Plaintiff is not eligible for award due to her debarment—Plaintiff is unable to "show at least a substantial chance [she] would have been a prevailing bidder under the Solicitation[s]." *Id.*; *see also Associated Energy Grp.*, 131 F.4th at 1319–20 (finding Plaintiff lacked statutory standing where, even absent alleged procurement errors, plaintiff would be ineligible for award); FAR 9.405(a). Accordingly, Plaintiff cannot demonstrate that she is an interested party or that she was prejudiced by any alleged procurement errors in light of her debarment.[7]

---

[7] Further, it is not clear that Plaintiff was "an actual or prospective bidder," a requirement to establish that a party is an interested party. *CliniComp*, 904 F.3d at 1358 (quoting *Diaz*, 853 F.3d at 1358). The Bid Confirmation attached to Plaintiff's Complaint suggests that MGI alone submitted the proposals to the Solicitations. Bid Confirmation at 17. The Bid Confirmation shows an email sent to "Dee Monbo" at "dmonbo@monbogroup.com" that was "notifying you (FKYVCHTRAMU8, Monbo Group International) that the following proposals . . . were received timely and will be considered." *Id.* This appears to reflect that MGI alone submitted the proposals, which conflicts with Plaintiff's assertions in her Complaint that she and MGI had jointly submitted their proposals. *Allen Eng'g Contractor, Inc. v. United States*, 115 Fed. Cl. 457, 464 (2014) ("In

Thus, in addition to Article III standing, Plaintiff also lacks statutory standing. Accordingly, though Plaintiff's lack of Article III standing is dispositive, the Court also grants Defendant's Motion to Dismiss under Rule 12(b)(6) as it relates to statutory standing as an alternative ground for dismissal. *See* Mot. at 13–14, 17–20.

## II.    Alternatively, Dismissal is Appropriate Under Rule 41(b).

Even if Plaintiff had standing, the Court would nevertheless dismiss Plaintiff's claims for failure to prosecute under Rule 41(b). Rule 41(b) permits this Court to "dismiss on its own motion" an action where the plaintiff fails to (i) prosecute her case or (ii) comply with this Court's Rules or Orders. Rule 41(b). The Federal Circuit has repeatedly affirmed dismissals by this Court under Rule 41(b). *See, e.g.*, *Claude E. Atkins*, 899 F.2d at 1184 (affirming Rule 41(b) dismissal after plaintiff was "specifically warned" its complaint may be dismissed for failure to prosecute); *Cerf v. United States*, 621 F. App'x 651, 652–53 (Fed. Cir. 2015) (affirming Rule 41(b) dismissal after

---

the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails.") (cleaned up), *aff'd*, 611 F. App'x 701 (Fed. Cir. 2015); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (3d ed. 2004 & Supp. 2016) (noting that the Court "obviously is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions"). Defendant's Motion to Dismiss also attaches evidence that joint proposals from Plaintiff and MGI were actually submitted in MGI's name alone. *See* Bid Confirmation at 17; Mot. at 17–20; *see also* Mot. at 15–17, 100–03 (explaining that MGI, not Plaintiff or Plaintiff and MGI jointly, submitted the bids to the Solicitations and attaching supporting documentation). Plaintiff here, by failing to respond to Defendant's Motion to Dismiss, waived her opportunity to rebut these contentions. *See Cap Exp., LLC v. Zinus, Inc.*, 722 F. App'x 1004, 1009 (Fed. Cir. 2018) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (quoting *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011))); *Square One Armoring Servs. Co. v. United States*, 162 Fed. Cl. 331, 343 (2022) (finding that a "Plaintiff waived any arguments . . . by failing to respond to Defendant's position in its Response"). Indeed, the Court specifically warned Plaintiff that failure to respond to Defendant's Motion to Dismiss would constitute a waiver of her opportunity to "to rebut Defendant's contentions that this Court lacks jurisdiction." *Monbo II*, 2025 WL 869037, at *9. Ultimately, the Court need not reach the question of whether Plaintiff was an actual bidder because Plaintiff's debarment is fatal to any attempt to establish statutory standing, apart from whether she was the actual bidder. *See CliniComp*, 904 F.3d at 1358 (quoting *Diaz*, 853 F.3d at 1358).

Plaintiff was warned that his case would be dismissed if he did not respond to the Government's motion to dismiss); *Monbo v. United States*, No. 24-cv-2083, 2025 WL 704402, at *4 (Fed. Cl. Jan. 24, 2025) (collecting cases).

When this Court denied Plaintiff's Motion to Amend, it "stresse[d] to Plaintiff that she must respond to Defendant's Motion to Dismiss." *Monbo II*, 2025 WL 869037, at *9. The Court also "advised [Plaintiff] that failure to timely respond to the Motion to Dismiss will not only constitute a waiver of Plaintiff's opportunity to rebut Defendant's contentions that this Court lacks jurisdiction, but may also result in dismissal of Plaintiff's case under Rule 41(b)." *Id.* (citing *Claude E. Atkins*, 899 F.2d at 1184). Accordingly, as Plaintiff was "specifically warned" that her case may be dismissed if she failed to respond to Defendant's Motion to Dismiss, dismissal is appropriate under Rule 41(b). *Claude E. Atkins*, 899 F.2d at 1184; *Cerf*, 621 F. App'x at 652–53. Therefore, in the alternative, the Court would also dismiss Plaintiff's Complaint under Rule 41(b).

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (ECF No 14) is **GRANTED** and Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and 12(h)(3), without leave to replead. Alternatively, Plaintiff's Complaint is **DISMISSED** under Rules 12(b)(6) and 41(b). The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge